The STATE of Texas ex rel. A. F. ADCOCK et al., Appellants,

v.

Marion CROCKER et al., Appellees.

No. 3320.

Court of Civil Appeals of Texas. Waco.

Oct. 13, 1955.

Rehearing Denied Nov. 3, 1955.

Dunnam & Dunnam, Waco, Tom Moore, Jr., Dist. Atty., Waco, for appellants.

Clark & Fisher, Waco, for appellees.

McDONALD, Chief Justice.

This is a quo warranto suit brought by the District Attorney of McLennan County upon the relation of A. F. Adcock and others for the ousting of Marion Crocker and Buck Woodard from the office of trustees of the Bruceville-Eddy County Line Rural High School District. The case was tried by the Court without a jury and judgment rendered for the defendants. The plaintiffs appeal, contending that the Trial Court erred in not rendering judgment ousting the defendants from the offices of trustees of the Bruceville-Eddy County Line Rural High School District.

Chapter 19A of our R.C.S., entitled Rural High Schools, was passed by our 39th Legislature in 1925, Vernon's Ann.Civ.St. art. 2922a et seq. Pertinent provisions of same are:

"Art. 2922a. *Authority to establish:* \* \* \* *the county school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts* \* \* \* *and independent school districts* \* \* \*."

"Art. 2922d. *County line districts: The county board of trustees of 2 or more adjoining counties shall have the authority* \* \* \* *to establish a county line rural high school district,* \* \* \*."

"Art. 2922e. *Control of: The control and management of the schools of a rural high school district, established under the provisions of this Act, shall be vested in a board of seven trustees* \* \* \* *and provided that such elementary district included in such rural high school district must be the residence of at least one member of said board.* \* \* \*"

Bruceville-Eddy County Line Rural High School District was created in 1927 under the foregoing provisions of our statutes, by grouping together 3 common and 2 independent school districts located principally in McLennan County but small portions of which were located in Falls and Bell Counties. An original board of trustees was appointed, and thereafter other boards elected, composed of 7 members, at least one of whom resided in each of the 5 original component parts of the district.

The School District composed of the 5 original component parts and governed by a board of trustees as above constituted, continued from 1927 until 1949.

In June 1949 the Falls County School Board passed a resolution to consolidate

Hoolia Common School District No. 19 with the Bruceville-Eddy Rural High School District under the provisions of Senate Bill 116; and passed a resolution dividing Blevins Common School District and consolidating the northeast part thereof with Bruceville-Eddy Rural High School District. In August 1949 the McLennan County School Board approved the consolidation of the Hoolia and the northeast part of the Blevins District with the Bruceville-Eddy Rural High School District, thus legally accomplishing their consolidation into the Bruceville-Eddy District.

The Hoolia District and the Blevins District had held no school since 1942 and for such reason were dormant districts.

In 1950, at the first election of school trustees for Bruceville-Eddy District after the addition of Hoolia and a part of Blevins, new trustees were elected but none were residents of either Hoolia or Blevins. Sometime subsequent to the 1950 election and prior to January 1955, R. S. Roming, a resident of Hoolia, and Douglas Duty, a resident of Blevins, became members of the board. On 26 January 1955 Roming and Duty resigned and the remaining trustees appointed Crocker and Woodard, who were not residents of Hoolia or Blevins, to replace them.

This quo warranto, proceeding was brought to question the validity of the appointment of Crocker and Woodard and to oust them from the offices of trustee.

Plaintiffs contend that since Bruceville-Eddy District was organized under the provisions of Article 2922d, R.C.S., that Article 2922e, R.C.S., which provides that:

"The control and management of the schools of a rural high school district, established under the provisions of this Act, shall be vested in a board of seven trustees * * * and provided that such elementary district included in such rural high school district must be the residence of at least one member of said board"

is controlling and that the board of trustees must have a resident representative from the Hoolia and Blevins districts.

Defendants contend that Article 2922e supra is inapplicable and that the law does not require that the territory that was once Hoolia District or Blevins District be the residence of a member of the board of trustees of the Bruceville-Eddy County Line Rural High School District.

The addition of Hoolia Common School District and the portion of Blevins Common School District to the Bruceville-Eddy Rural High School District was accomplished pursuant to the provisions of Senate Bill 116 passed by the 51st Legislature in 1949. This legislation entitled "Foundation School Program", made a number of changes in our educational system. Among such changes is the provision to consolidate territory of dormant school districts with adjoining districts. The provision requiring such is Article 2922–18, Vernon's R.C.S., and provides:

"*Consolidation and addition of territory.* Within thirty (30) days from the effective date of this Act, the County Board of Trustees of the several counties of the State are hereby authorized and required to consolidate by order of said Board each dormant school district within the county with an adjoining district or districts. The term 'dormant' as used herein shall mean any school district that fails, for any two (2) successive years subsequent to 1946–1947 school year, to operate a school in the district * * *. *The Board of Trustees for the district with which such dormant school district is consolidated shall continue to serve, and be, the Board of Trustees for the new district. * * *"*

"* * * All laws or parts of laws in conflict herewith are hereby repealed to the extent of such conflict." Vernon's Ann.Civ.St. art. 2922–22.

Since the Hoolia District and the portion of the Blevins District were dormant districts under the provisions of Sen-

ate Bill 116, Article 2922–18, R.C.S., supra, and were added to the Bruceville-Eddy Rural High School District by the County Boards involved in obedience to the mandate contained in that statute, we hold that the provision contained in that statute relative to the school trustees is likewise applicable. This provision is:

"*Article 2922–18 * * * The Board of Trustees for the district with which such dormant school district is consolidated shall continue to serve, and be, the Board of Trustees for the new district. * * * All laws * * * in conflict herewith are hereby repealed to the extent of such conflict.*"

From the foregoing it follows that we hold that the addition of the Hoolia and Blevins Districts to the Bruceville-Eddy County Line Rural High School District was accomplished under and by virtue of the provisions of the "Foundation School Program Law" of 1949, Article 2922–18, R.C.S., and that in such situation the provision of that article providing that the trustees of the district with which dormant districts are consolidated shall continue to serve, constitutes the applicable law. Under such provision trustees Crocker and Woodard are not disqualified by their residence to serve on the Board of Trustees of Bruceville-Eddy County Line Rural High School District.

Further to the foregoing, however, Article 2922e, which plaintiffs contend controls the composition of the board of trustees of a rural high school district, was repealed in 1930 when the 41st Legislature passed Senate Bill 30, Acts 1930, 5th Called Sess., c. 66, pertinent portions of which are:

"*Art. 2774a. * * * Rural High Schools; trustees; term Sec. 4. The control and management of the schools of a rural high school district * * * shall be vested in a board of seven trustees * * *; and provided that each of the original districts included in such rural high school district must be the residence of at least one member of said board. * * *"* Vernon's Ann.Civ.St. art. 2774a.

"*Sec. 7. All laws and parts of laws, both general and special, in conflict with the provisions of this Act, are hereby repealed.*"

The foregoing act superseded and repealed any conflicting portions of Article 2922e. The act of 1930, Article 2774a, § 4, supra, requires that one trustee shall be a resident of *each original district* included in a rural high school district, instead of *each elementary district* included in a rural high school district, as was required by Article 2922a.

■ All original districts being represented on the Bruceville-Eddy Rural High School Board of Trustees, we conclude that even if the foregoing article be deemed applicable (which we think it is not), Mr. Crocker and Mr. Woodard are lawful trustees and are not disqualified by their residence to serve on the Board of Trustees.

It follows that plaintiffs' point and the contentions made thereunder are overruled, and the judgment of the Trial Court is affirmed.